# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE GOVERNMENT OF THE LAO PEOPLE'S DEMOCRATIC REPUBLIC,<br><br>    Plaintiff,<br>v.<br><br>JOHN K. BALDWIN; BRIDGE CAPITAL, LLC; COLEMAN, LLC; and CAMPBELL HOLDINGS, LLC,<br><br>    Defendants. | Case No.: 2:20-cv-00195-CRK<br><br>MEMORANDUM DECISION AND ORDER RE: MOTION TO STAY |

## I. INTRODUCTION

Before the Court is Defendants John K. Baldwin's ("Baldwin"), Bridge Capital, LLC's ("Bridge"), Coleman LLC's ("Coleman"), and Campbell Holdings LLC's ("Campbell") (collectively, "Defendants") motion to stay further proceedings in this arbitral award enforcement action pending resolution of three foreign proceedings. Defs.' Mot. to Stay Proceedings, Apr. 29, 2022, ECF No. 149 ("Mot. to Stay"); see also Defs.' Memo. in Support of [Mot. to Stay], Apr. 29, 2022, ECF No. 149-1 ("Def. Br."); Decl. of [Baldwin] in Support of [Mot. to Stay], Dated Apr. 27, 2022, ECF No. 149-2 ("Baldwin Decl."); Decl. of Jeffrey T. Prudhomme in Support of [Mot. to Stay], Dated Apr. 26, 2022, ECF No. 149-3 ("Prudhomme Decl."). Defendants contend that the Court should stay further proceedings in this action in light of the fact that the two arbitral award debtors, non-parties Sanum Investments Ltd. ("Sanum") and Lao Holdings N.V. ("LHNV"), have challenged the arbitral awards at issue in Singapore,

MEMORANDUM DECISION AND ORDER - 1

the seat of the arbitrations. Def. Br. at 2–3. Defendants further contend Sanum and LHNV are currently prosecuting arbitrations against Plaintiff The Government of the Lao People's Democratic Republic ("Lao PDR"), which, if successful, would entirely set-off any amounts owed under the arbitral awards at issue in this action. Id. Lao PDR opposes the motion on the grounds that Article VI of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (the "New York Convention"), as interpreted by the U.S. Court of Appeals for the Second Circuit, does not provide for a stay in these circumstances, and that if the Court does grant a stay, the Court should require Defendants to post security in the full amount of the arbitral awards plus interest. Pl.'s Opp'n to [Mot. to Stay], 4–18, May 20, 2022, ECF No. 150 ("Pl. Br."); see also Decl. of David J. Branson, Dated May 19, 2022, ECF No. 150-1 ("Branson Decl."). Defendants further contend that Article VI of the New York Convention is not applicable, and even if it was, a stay is appropriate under Article VI. Defs.' Reply in Support of [Mot. to Stay], 1–8, June 3, 2022, ECF No. 151 ("Def. Reply"); see also Second Decl. of [Baldwin] in Support of [Mot. to Stay], Dated June 3, 2022, ECF No. 151-2 ("Second Baldwin Decl."). Finally, Defendants assert that they should not be required to post any security because they are not the award debtors and because the award debtors, Sanum and LHNV, own property in Laos that is sufficient to satisfy the awards should they be found to be enforceable. Def. Reply at 8–10; see also Second Baldwin Decl. For the following reasons, Defendants' Motion to Stay is denied.

**MEMORANDUM DECISION AND ORDER - 2**

## II. BACKGROUND

The background to this action is extensively set forth in the Court's recent Memorandum Decision and Order denying Lao PDR's fourth motion to amend its complaint to add Sanum and LHNV as parties. Government of the Lao People's Democratic Republic v. Baldwin, Case No. 2:20-cv-00195-CRK, 2022 WL 2047825, at *2–5 (D. Idaho June 7, 2022). The Court assumes familiarity with the discussion of the background from that opinion, and briefly recites only the background specifically relevant to the present motion to stay.

Lao PDR commenced this action in 2020 to enforce two arbitral awards issued in its favor and against Sanum and LHNV, respectively. Compl. to Enforce Arbitration Awards, Apr. 21, 2020, ECF No. 1. The arbitral tribunals awarded Lao PDR certain of its costs, fees, and expenses incurred defending the arbitrations, which were initiated by Sanum and LHNV. See Third Am. Compl., Ex. C and D, July 16, 2021, ECF Nos. 108 ("TAC"), 108-3, 108-4 (TAC Ex. C and D are referred to collectively as the "Awards"). Defendants have filed five motions to dismiss, and Lao PDR has responded with four motions to amend its complaint, thus the Court has not ruled on any of Defendants' motions to dismiss. See ECF Nos. 21, 26, 34, 45, 56, 57, 59, 121, 141. The Court denied Lao PDR's most recent motion to amend, and Baldwin's and Bridge's motion to dismiss the TAC for lack of jurisdiction remains undecided pending supplemental briefing. See Baldwin, 2022 WL 2047825 at *17. To date, the Court has not determined that it has jurisdiction over Baldwin and

**MEMORANDUM DECISION AND ORDER - 3**

Bridge, while Coleman and Campbell have each answered the TAC.[1]  See id.; [Coleman and Campbell's] Answer to [TAC], Aug. 5, 2021, ECF No. 122.

Prior to Lao PDR commencing this action, the award debtors, Sanum and LHNV, commenced an action in Singapore, the seat of the arbitrations, to set aside the Awards (the "Set Aside Action"). Baldwin Decl. ¶ 4; Branson Decl., Ex. A, ¶ 14, ECF No. 158-2. The Singapore International Commercial Court denied Sanum's and LHNV's request to set aside the Awards, and Sanum and LHNV have appealed that decision to the Singapore Court of Appeal. Baldwin Decl. ¶ 4. The appeal is fully briefed, and the Singapore Court of Appeal heard oral argument in April 2022. Id.; see also Def. Br. at 2. Sanum and LHNV are also prosecuting new arbitrations against Lao PDR in Singapore (the "BIT 2 Arbitrations"). Baldwin Decl. ¶¶ 5–6. The BIT 2 Arbitrations also arise out of Sanum and LHNV's activities in Laos and are brought under the Bilateral Investment Treaties between Laos and China and the Netherlands, respectively. See id.; see also Prudhomme Decl., Ex. A, B. The liability phase of the BIT 2 Arbitrations concluded in 2019. Baldwin Decl. ¶ 6. The parties agree that the tribunals overseeing the BIT 2 Arbitrations are poised to make a decision on the liability phase in the coming months. Id., Ex. A; Def. Br. at 4, 11; Pl. Br. at 14. If Lao PDR is found liable in the BIT 2 Arbitrations, the awards could

---

[1] Coleman moved to dismiss the Second Amended Complaint for failure to state a claim, see Defs.' Mot. to Dismiss for Failure to State a Claim, May 4, 2021, ECF No. 57; however, that motion was denied as moot after the Court granted Lao PDR leave to file the TAC, see Amended Scheduling Order, July 27, 2021, ECF No. 113. Coleman and Campbell answered the TAC. The TAC asserts general jurisdiction over Campbell and jurisdiction over Coleman as the alter ego of Baldwin. TAC ¶¶ 30, 32.

**MEMORANDUM DECISION AND ORDER - 4**

potentially subsume the amounts Sanum and LHNV owe to Lao PDR pursuant to the Awards. See Def. Br. at 2. Defendants now move to stay further proceedings in this action pending the outcome of the Set Aside Action and the BIT 2 Arbitrations. Mot. to Stay.

### III. STANDARD OF REVIEW

The parties disagree about whether the Court should analyze the present motion under the Court's inherent power to stay cases on its docket or under Article VI of the New York Convention.[2] U.S. District Courts have inherent power to control and manage the cases on their dockets, including the power to stay cases even for indefinite periods. Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). The power to stay a case is within the Court's discretion; however, in considering whether to issue a stay, the Court must consider the competing interests of the parties, including what, if any, prejudice or hardship would result from a stay or from denying a stay, as well as the effect of a stay on judicial resources. Id.

Similarly, Article VI of the New York Convention permits a court presiding over an action to enforce a foreign arbitral award to stay such action, in its discretion, if there is an action to set aside the award proceeding in the place where the arbitration took place or the place whose law governed the arbitration. New York Convention, Art. VI. Lao PDR contends that the Court should follow the Second Circuit's interpretation of Article VI. Pl. Br. at 5 (citing Europcar Italia, S.p.A. v.

---

[2] The United States has ratified and implemented the New York Convention. Fed. Arbitration Act, Pub. L. 68–401 ("FAA"), ch. 2, codified at 9 U.S.C. §§ 201–08. Therefore, the New York Convention, as implemented by the FAA, applies to Lao PDR's enforcement claims.

**MEMORANDUM DECISION AND ORDER - 5**

Maiellano Tours, Inc., 156 F.3d 310 (2d Cir. 1998)).  In Europcar, the Second Circuit set forth six factors for District Courts to consider in deciding whether a stay under Article VI was appropriate.  Europcar, 156 F.3d at 317–18.  The Europcar factors are

> (1) the general objectives of arbitration—the expeditious resolution of disputes and the avoidance of protracted and expensive litigation;
>
> (2) the status of the foreign proceedings and the estimated time for those proceedings to be resolved;
>
> (3) whether the award sought to be enforced will receive greater scrutiny in the foreign proceedings under a less deferential standard of review;
>
> (4) the characteristics of the foreign proceedings including (i) whether they were brought to enforce an award (which would tend to weigh in favor of a stay) or to set the award aside (which would tend to weigh in favor of enforcement); (ii) whether they were initiated before the underlying enforcement proceeding as to raise concerns of international comity; (iii) whether they were initiated by the party now seeking to enforce the award in federal court; and (iv) whether they were initiated under circumstances indicating an intent to hinder or delay resolution of the dispute;
>
> (5) a balance of the possible hardships to each of the parties, keeping in mind that if enforcement is postponed under Article VI of the Convention, the party seeking enforcement may receive 'suitable security' and that, under Article V of the Convention, an award should not be enforced if it is set aside or suspended in the originating country . . . ; and
>
> (6) any other circumstances that could tend to shift the balance in favor of or against adjournment.

Id.

The Court concludes that a stay of further proceedings in this case is not warranted whether the Court reviews Defendants' motion under its inherent authority to stay cases on its docket or under the Second Circuit's interpretation of Article VI of the New York Convention.

**MEMORANDUM DECISION AND ORDER - 6**

## IV. DISCUSSION

Defendants assert two bases for their request to stay further proceedings: (i) the Singapore Court of Appeal will issue its decision in the Set Aside Action in the coming months, and such decision may obviate the need for further litigation to enforce the Awards; and (ii) the tribunals in the BIT 2 Arbitrations may award Sanum and LHNV greater sums than the Awards grant to Lao PDR. Def. Br. at 2–3. Regardless of the standard under which the Court reviews Defendants' contentions, the Court concludes that a stay is not justified at this time. Despite having been commenced more than two years ago, this action is still in its early stages with a pending motion to dismiss. There is no present risk that the Court will enforce the Awards only to have the Singapore Court of Appeal set aside the Awards requiring further litigation to return the money to Defendants. Nor is there a present risk that the Court will enforce the Awards and the tribunals in the BIT 2 Arbitrations will issue awards favorable to Sanum and LHNV that offset any amount paid pursuant to a final judgment of this Court. Should the Court find it has jurisdiction over Baldwin and Bridge and that Lao PDR may attempt to enforce the Awards against Baldwin and/or Bridge as the alter ego(s) of Sanum and/or LHNV, and the Set Aside Action and/or the BIT 2 Arbitrations have not been decided, then Defendants may renew their motion at that time.

I. **The Set Aside Action**

The Set Aside Action is not a sufficient reason to stay the proceedings in this action either pursuant to Article VI of the New York Convention or pursuant to the

Court's inherent power to stay cases.[3] Under Article VI of the New York Convention, a court that has been asked to enforce a foreign arbitral award has the discretion to stay such an action if a party to the arbitration has commenced action to set aside the award in either the country where the arbitration took place or the country whose law governed the arbitral proceedings. New York Convention, Art. VI.[4] Likewise, the Court has discretion to stay any action on its docket, but the Court must consider the potential prejudice and hardship to the parties as well as the interests of judicial economy. Landis, 299 U.S. at 254–55.

The first Europcar factor, the purpose of arbitration, weighs against granting a stay. The purpose of arbitration is to resolve disputes quickly and inexpensively and without the need for protracted litigation. Europcar, 156 F.3d at 317. The New York Convention and the FAA codify the United States' policy of enforcing foreign arbitral awards except in the limited circumstances enumerated in Article V of the New York Convention. See 9 U.S.C. § 201; New York Convention Art. V. Granting a

---

[3] Defendants argue that the Court should not analyze their motion under the New York Convention because the Court has not determined that it has jurisdiction over Baldwin and Bridge. Def. Reply at 3–4. As discussed below, regardless of whether the Court considers Defendants' motion under Article VI or under the Court's inherent power to stay, the Set Aside Action is not sufficient grounds to stay this action. Indeed, the factors which Defendants ask the Court to consider are part of the Europcar analysis of Article VI of the New York Convention. Compare Def. Br. at 5 (asking the Court to weigh "(1) the potential prejudice to the non-moving parties; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved"), with Europcar, 156 F.3d at 317–18 (first factor (avoidance of protracted and expensive litigation) and fifth factor (a balance of the possible hardships to each of the parties)).

[4] Although not binding on this Court, both Lao PDR and Defendants analyze the Motion to Stay under the Europcar factors, and the Court finds these factors helpful in interpreting Article VI.

**MEMORANDUM DECISION AND ORDER - 8**

stay here would frustrate the purpose of arbitration by delaying the resolution of the dispute and potentially the enforcement of the award. Although it is possible that this Court could enforce the Awards against Baldwin and Bridge and then the Singapore Court of Appeal sets aside the Awards, thus necessitating further and potentially protracted litigation to undo this Court's prior enforcement, that scenario is speculative at this point. In any event, if the proceedings reach a point where that result becomes more likely, Defendants may renew their motion to stay at such time.

The second Europcar factor, the status of the foreign proceedings, slightly weighs against granting a stay. Although the Set Aside Action has progressed to the point where a decision from the Singapore Court of Appeal is expected in the coming months, a three-judge panel of the Singapore International Commercial Court has already unanimously rejected Sanum's and LHNV's challenges to the Awards. See Branson Decl., Ex. A. Moreover, that a decision is expected within a matter of months suggests that the decision in the Set Aside Action will be made before this Court gets to the point of enforcing the Awards against any of the Defendants in this action. As noted above, this case has not progressed past the motion to dismiss phase. If Lao PDR's TAC survives Baldwin's and Bridge's motion to dismiss, the parties would then file additional pleadings and engage in discovery. The Court would then need to make a determination that Baldwin and Bridge were the alter egos of Sanum and LHNV, see TAC ¶¶ 13, 124–207. Only after those preliminary issues are decided would the Court get to the merits of whether to enforce the Awards. Thus, this Court will be able to appropriately react to the decision in the Set Aside Action prior to reaching

**MEMORANDUM DECISION AND ORDER - 9**

the merits of Lao PDR's enforcement claims. The status of the Set Aside Action weighs against granting a stay.

The third Europcar factor, the standard of review used in the foreign proceedings, is neutral or weighs slightly against granting a stay. The Singapore courts are analyzing whether to set aside the Awards under standards substantially similar to those set forth in the New York Convention. Compare New York Convention, Art. V, with UNCITRAL Model Law on International Commercial Arbitration (2006), Art. 34; see also Singapore International Arbitration Act, § 24, Cap 143A, 2002; Branson Decl., Ex. A ¶¶ 38–47. Thus, there is no indication that the Singapore Court of Appeal will review the Awards with a different level of scrutiny than this Court. Defendants contend that even "the mere possibility that the reviewing court will set aside the award[] weighs mildly in favor of granting a stay." Def. Reply at 7 (quoting CEF Energia, B.V. v. Italian Republic, No. 19-cv-3443 (KBJ), 2020 WL 4219786, at *6 (D.D.C. July 23, 2020)). However, there is always a possibility that a reviewing court would set aside an award. Moreover, as already discussed, that the Singapore Court of Appeal may set aside the Awards does not weigh in favor of stay because there are a multitude of preliminary issues that this Court must decide prior to even reaching any argument about whether to enforce the Awards. Thus, the concerns of the CEF Energia court are not relevant here. The parties do not suggest that the Singapore Court of Appeal will reach its decision after this Court reaches a decision on the merits of Lao PDR's enforcement claims, see Def. Br. at 11 ("It would be reasonable to believe that the Singapore Court of Appeal will issue its determination in a matter of months"); therefore, that the Singapore courts

**MEMORANDUM DECISION AND ORDER - 10**

use the same standard of review renders the third factor is neutral or weighs slightly against granting a stay.

The fourth Europcar factor, the characteristics of the foreign proceeding, is neutral. The nature of the proceeding as a set aside action weighs in favor of enforcement under the fourth Europcar factor. Europcar, 156 F.3d at 318. However, the fourth factor also considers when the proceeding was initiated and whether it was meant to hinder or delay enforcement. Id. Sanum and LHNV commenced the Set Aside Action prior to Lao PDR commencing this action. See Branson Decl., Ex. A ¶ 37. Although Sanum's and LHNV's challenges were unsuccessful in the first instance, there is no indication that those challenges are frivolous or intended hinder or delay. Sanum and LHNV should be permitted their challenges pursuant to the New York Convention. See New York Convention, Art. V(1)(e). Again, as discussed, the possibility that this Court reaches a determination on the merits prior to the Singapore Court of Appeal appears slight, and if that scenario becomes more likely, Defendants may renew their motion. The Defendants' ability to renew their motion at a later date also renders Defendants' appeal to international comity is inapposite. Any concerns regarding international comity are not relevant at this time. The fourth factor is neutral.

The fifth Europcar factor, balancing the hardships, is neutral. Should the court decline to grant a stay, Defendants will need to continue litigating this action, which will undoubtedly require time and expense. However, Baldwin and Bridge have a

**MEMORANDUM DECISION AND ORDER - 11**

pending motion to dismiss in which they seek to end their involvement in this action.[5] Notably, any potential hardship that would result from the Court enforcing the Awards against Defendants only to have the Singapore Court of Appeal set aside the awards can be ameliorated by allowing Defendants to renew their motion to stay. On the other hand, Lao PDR contends that it would be prejudiced by the delay of these proceedings. Pl. Br. at 11. There are a number of preliminary issues that must be decided before reaching the question of whether to enforce the Awards, and Lao PDR should not have to wait until the Set Aside Action is decided before the Court answers those preliminary questions. Although such delay would not prejudice Lao PDR, see Lockyer v. Mirant Corp., 398 F.3d 1098, 1109–12 (9th Cir. 2005) (delay in recovering monetary damages is not prejudice for purposes of a stay), Lao PDR is entitled to a speedy resolution of its claims. Thus, neither party makes a compelling case of hardship from either granting or denying a stay, and the fifth Europcar factor is neutral.

The parties do not point to any other relevant considerations under the sixth Europcar factor. Therefore, the sixth factor is neutral. Thus, out of the six factors, two weigh against a stay and four are neutral. Notably, the first two factors, which several courts have found to be the most important, both weigh against granting a stay. See LLC SPC Stileks v. Republic of Moldova, 985 F.3d 871, 880 (D.C. Cir. 2021); Europcar, 156 F.3d at 318.

---

[5] Lao PDR alleges that Baldwin and Bridge are alter egos of Campbell and Coleman. The Pending motion to dismiss does not address whether the Court could still find jurisdiction over Baldwin and Bridge relating to Counts II and III of Lao PDR's TAC. See TAC ¶ 13.

**MEMORANDUM DECISION AND ORDER - 12**

Likewise, a stay is not warranted under the Court's inherent powers. As noted above Defendants' proffered standard of balancing the hardships and considering judicial economy overlaps with the first and fifth Europcar factors, one of which weighs against granting the stay and the other of which is neutral. For the reasons discussed above, the balance of the hardships is neutral. Finally, a stay is not likely to conserve judicial resources. The preliminary issues have been extensively briefed, and the motion to dismiss will be fully submitted in approximately one month. Thus, the Set Aside Action is not grounds for a stay under the New York Convention or the Court's inherent power.

## II.   The BIT 2 Arbitrations

The parties disagree about whether the Court must analyze Defendants' motion to stay as it pertains to the BIT 2 Arbitrations under Article VI of the New York Convention. See Pl. Br. at 5; Def. Reply at 3. The BIT 2 Arbitrations are not grounds for a stay under the New York Convention, which only contemplates a stay pending resolution of a challenge to the awards at issue; however, the Court declines to deny Defendants' motion on those grounds. Instead, the Court considers whether the BIT 2 Arbitrations are grounds for a stay based on the Court's inherent power to stay cases. As discussed, the Court has the power to stay any case on its docket. Landis, 299 U.S. at 254–55. When considering a stay based on its inherent power, the Court will consider the prejudice to non-moving parties by the granting of a stay, the hardship to the moving party by being forced to continue litigating, and the judicial resources of the Court. Id. Here, the respective burdens on the parties are minimal, though a prolonged stay during the BIT 2 Arbitrations prior to deciding the

**MEMORANDUM DECISION AND ORDER - 13**

preliminary issues in this action would be unfair to Lao PDR. The Court's resources will not be conserved by staying this action while the BIT 2 Arbitrations are decided because the outcome of the BIT 2 Arbitrations will not have an impact on the merits of the parties' claims in this action, only on the amount of damages that Lao PDR may ultimately collect enforcing the Awards.

As already discussed, the Court denies Defendants' motion without prejudice to renew. Thus, Defendants only face the burden of continuing to litigate the preliminary issues before the Court reaches the merits of the enforcement claims. Those issues have been extensively briefed and would not require substantial additional resources for the Court to decide. Thus, the burden on Defendants is slight. Moreover, even if Sanum and LHNV are successful in the BIT 2 Arbitrations, Defendants would still need to litigate Lao PDR's claims in this Court. That Sanum and LHNV may be entitled to a set-off does not mean that the Court will dismiss Lao PDR's claims.

In contrast, Lao PDR would be forced to wait out not only the BIT 2 Arbitrations, but also potentially an action to set aside any awards issued in the BIT 2 Arbitrations. Once the BIT 2 Arbitrations and any challenges are finalized, Lao PDR would then be in the same position it is in now regardless of the outcomes of the BIT 2 Arbitrations. Thus, Lao PDR will still need to proceed with litigating the preliminary issues before the Court and potentially the merits of its claims to enforce the Awards. That the amounts potentially owed to Lao PDR pursuant to the Awards could be set off by awards in the BIT 2 Arbitrations does not moot Lao PDR's claims in this action.

**MEMORANDUM DECISION AND ORDER - 14**

Finally, since the outcomes of the BIT 2 Arbitrations could only affect the amount of the judgment this Court issues, rather than making further litigation in this action superfluous or moot, a stay would not have any effect on judicial resources.[6] Indeed, even if Sanum and LHNV were successful in the BIT 2 Arbitrations, Defendants would still have an interest in continuing to litigate this case to conclusion because the Court assumes the Defendants, and/or Sanum and LHNV, would not simply agree to deduct the amount owed under the Awards from the awards in the BIT 2 Arbitrations without this Court determining that the Awards are enforceable.

The BIT 2 Arbitrations are not a sufficient reason to stay this action at this time. The parties fail to demonstrate any prejudice or hardship that would result from the Court's decision regarding a stay at this time. Nor have Defendants demonstrated that a stay would conserve judicial resources. The motion is denied.[7]

---

[6] Set-off is an affirmative defense; however, proving set-off does not invalidate a plaintiff's claim, but only affects the amount of damages owed if plaintiff is successful. See Steltz v. Armory Co., 99 P. 98, 99–101 (Idaho 1908) (defendant's counterclaim was completely set off by plaintiff's claim, yet the court rendered judgment on both claims and only applied the set-off to the final judgment amount). If Defendants can prove a set-off for the entire amount of Lao PDR's claims, Defendants will not have to pay any damages to Lao PDR, but Defendants' claims for damages resulting from the BIT 2 Arbitrations will be reduced by the amount due to Lao PDR pursuant to the Awards. Thus, Lao PDR's claims would not be mooted by awards in favor of Sanum and LHNV in the BIT 2 Arbitrations.

[7] Because the Court finds a stay to be unwarranted, the Court does not reach the parties' arguments regarding what, if anything, would constitute suitable security.

**MEMORANDUM DECISION AND ORDER - 15**

## V.  CONCLUSION

For the foregoing reasons, Defendants' motion is denied, and it is

**ORDERED** that Defendants' Motion to Stay is DENIED <u>without prejudice</u>.

/s/ Claire R. Kelly<br>
Claire R. Kelly, Judge[*]

Dated:   June 29, 2022
         New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.

**MEMORANDUM DECISION AND ORDER - 16**